**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-01508-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Alfredo Godoy-Machuca, | |
| Defendant. | |

Defendant Godoy-Machuca has filed an Amended Motion for Compassionate Release (Doc 75) to which the Government has filed a Response (Doc. 80). No Reply was filed and the time to do so has expired. The Court now issues its ruling.

I.   Background

The Defendant plead guilty to an Indictment charging him with Reentry of Removed Alien pursuant to Title 8 U.S.C. § 1326(a) and (b)(1). (Doc.  ). In his plea agreement, he admitted that he was previously removed from the United States on December 9, 2011 and that he was voluntarily present and found in the United States near Phoenix, Arizona on July 15, 2015 without authorization. (*Id*.) For sentencing purposes, the Defendant admitted that he was previously convicted of Conspiracy to Commit Second Degree Escape on August 6, 2004 in the Superior Court of Arizona, Pima County. (*Id*.) He was ordered to serve one-year in the Department of Corrections. (*Id*.) On January 22, 2018, the Defendant was sentenced to sixty-three months in the Bureau of Prisons, followed by a three-year term of Supervised Release and to pay a $100 Special Assessment. (Doc. 48).

The Defendant began serving his sentence on April 17, 2019 upon being released from state custody. He is incarcerated in the United States Penitentiary ["USP"] Victorville with a projected release date of October 7, 2023. The Defendant now seeks compassionate release due to the COVID-19 pandemic and his current health conditions.

II.   Legal Standards

a.   Exhaustion of Administrative Remedies

The Defendant brings his Motion pursuant to 18 U.S.C. § 3582(c)(1)(A)[1]. That statute provides that a district court "may not modify a term of imprisonment once it has been imposed" unless the Congressionally mandated exception is present. 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824-25, 130 S.Ct. 2683 (2010). That exception is present when either the motion to modify sentence is brought by the Bureau of Prisons ("BOP") "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal[.]" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The statutory language is unambiguous and not waivable. *See United States v. Weidenhamer*, 2020 WL 1929200 *2 (D. Ariz. Apr. 21, 2020) ("If the statutory language contains mandatory language . . . a court may not excuse a failure to exhaust") (citing *Ross v. Blake,* 136 S. Ct. 1850, 1858 n.2 (2016)). Thus, the Court may not consider a defendant's motion without proof that he meets this exhaustion requirement.

b.   Extraordinary and Compelling Reasons

Once a defendant has exhausted his administrative remedies, he may bring a motion to the district court that extraordinary and compelling reasons nonetheless warrant his release. The First Step Act references the sentencing commission's policy statement for what should be considered as an extraordinary and compelling reason. Sentencing guideline section 1B1.13 n.1 defines "extraordinary and compelling reasons" for compassionate release. It includes considerations of 1) a defendant's serious advanced illness or medical condition; 2) whether the defendant is at least 65 and experiencing physical or mental health problems due to his/her advanced age, and the length of time

---

[1] The statute was recently modified by the First Step Act of 2018. *See* Pub. L. No. 115-391, § 603.

- 2 -

incarcerated; 3) specific family circumstances; and 4) other reasons as determined appropriate by the Director of the BOP.  *See* U.S.S.G. § 1B1.13 cmt. 1(A)-(B).  The sentencing commission has not altered its guidance since the First Step Act was amended, thus, courts may independently determine whether such other reasons are present on a case-by-case basis and without deference to the BOP.  *See United States v. Carter* 2020 WL 3458598, at *4 n.3, n.4 (D. Ariz. June 25, 2020) (citations omitted).

In considering motions for compassionate release, the Court must also "consider [ ] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c).  Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims."  *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).  A court should not grant a sentence reduction unless it determines that the defendant is not a danger to the safety of any other person or to the community.  *See* U.S.S.G. § 1B1.13(2); s*ee also United States v. Baye*, 2020 WL 2857500 *10 (D. Nev. June 2, 2020) (citing cases).  Therefore, the Court must find both extraordinary and compelling reasons for compassionate release *and* that the 3553(a) factors support such release.  *See United States v. Ruelas*, 2020 WL 5645093, *2 (D. Ariz. Sept. 22, 2020) (citations omitted).

III.    Analysis

The Court finds that the Defendant has exhausted his administrative remedies.  *See* (Doc. 75-1).  The Warden issued his decision on June 22, 2020 upon consideration of the defendant's compassionate release request pursuant to BOP Program Statement No. 5050.50.  The Warden considered the Defendant's medical diagnosis of "post-traumatic arthritis of the lower extremities, polyneuropathy of the lower extremities, type 2 diabetes, hypertension, esophageal reflux and cirrhosis of the liver with esophageal varices" before denying his request for Compassionate Release/Reduction in Sentence. (*Id*.)  In denying

the Defendant's compassionate release request, the Warden noted that "[Defendant's] life expectancy is indeterminate and [he has] functional capacity as demonstrated in the physical Self-Maintenance Scale and Instrumental Activities of Daily Living assessments . . . [he is] not confined to a bed or chair and [does] not demonstrate any limited self-care." (*Id*.)

The Defendant's Motion here is also based on his stated health conditions of cirrhosis, neuropathy, arthritis, hypertension, Type 2 Diabetes, gout, chronic pain, obesity and other ailments which make him "among the most at risk of serious illness and/or death if he is exposed to coronavirus in custody." (Doc. 75 at 10). The Court's record supports these conditions and the Government does not refute or dispute them. In fact, the Government acknowledges that his medical conditions put him "at a higher risk for severe illness" should he contract COVID-19. (Doc. 80 at 1). However, though notably absent from the Defendant's Motion, the Government points out that the Defendant has been fully vaccinated for COVID-19. (*Id*.) The Defendant apparently received his first Moderna vaccine on January 8, 2021, and his las vaccination on February 3, 2021. (*Id*. at 3) *see* (Doc. 84 at 17). The Government asserts that these circumstance weighs against finding that the Defendant should be released early for extraordinary and compelling reasons. (Doc. 80 at 10-11). The Court agrees.

The Federal Drug Administration ["FDA"] approved the Moderna vaccine to be administered on an emergency basis in December 2020.[2] In February, the FDA explained that the Moderna vaccine has proven to be 95% effective in preventing COVID1-19. *Id.* The Government states that the BOP has "fully vaccinated 328 staff members and 356 inmates at the Victorville FCC." (Doc. 80 at 3). Moreover, the Court notes that the Defendant tested positive for COVID-19 in July 2020, from which he has recovered. *See* (Doc 84 at 8). The Court finds that the combined circumstances of the Defendant having contracted and recovered from COVID-19, and now having been fully vaccinated mitigates his risk of contracting the virus. *See United States v. Grummer*, 2021 WL 568782 *2 (S.D.

---

[2] https://www.fda.gov/media/144636/download. (last visited March 15, 2021).

Cal. Apr. 16, 2021), *see also, United States v. Cortez*, 2021 WL 689923 *1 (D. Ariz. Apr. 23, 2021)("[t]he Court cannot conclude, particularly in light of his vaccination, that Defendant's current exposure to COVID-19 presents "extraordinary and compelling reasons."). Accordingly, the Defendant no longer presents with extraordinary and compelling reasons that warrant his early release.

Although the Court has not found extraordinary and compelling reasons to release the Defendant from custody, the sentencing factors of 18 U.S.C. § 3553(a) also support denying his Motion. A review of the Defendant's presentence investigation report, and sentencing proceeding, convinces the Court that he continues to be a danger to the community. Although this was only the Defendant's second immigration conviction, it was his seventh felony conviction. (Doc. 42).

At time of sentencing, the Defendants Offense Level was 19[3] and his Criminal History category was VI resulting in a final adjusted sentencing guideline range of 63 to 78 months in custody. The Court's primary concern was related to the Defendant's prior criminal history while present in the United States. The Court noted that he had forty-eight prior convictions, and remarked that it had rarely seen that extensive kind of criminal history before. (Doc. 59 at 10). The Court noted that he began committing crimes at the age of 18 and he continued doing so well into his thirties and forties. Over that span of time, the Defendant amassed convictions of domestic violence, assault, misdemeanor assault, attempted aggravated assault with a deadly weapon, criminal damage, conspiracy to commit escape and false report to law enforcement, to list a few. (Doc. 59 at 11). Moreover, the Court noted that although he claimed to be in the United States to be with his family and to obtain work, he proclaimed being homeless and unemployed. Thus, the Court imposed a sentence to deter him from future similar conduct and to protect the community from his criminal conduct. Nothing in the record changes the Court's opinion.

/ / / / /

/ / / / /

---

[3] Defendant's plea agreement provided for a two-level downward adjustment.

Accordingly,

**IT IS ORDERED** denying the Defendant's Amended Motion for Compassionate Release (Doc. 75).

Dated this 15th day of March, 2021.

Honorable Diane J. Humetewa
United States District Judge